BOUTALL, Judge:
As a result of an automobile collision, the driver of one car, Ethel Bergeron Pons, and her husband Francis Anthony Pons filed suit for damages and personal injuries against the driver of the other automobile, Loretta Tarto, her husband Jack Tarto, their insurer State Farm Mutual Automobile Insurance Company, and the Pons’ uninsured-underinsured motorist carrier, Sentry Insurance Company. A jury verdict was rendered in favor of plaintiffs, and this appeal is taken from the resultant judgment only by Mr. and Mrs. Tarto.
The Tarto appeal has two assignments of error: The finding of negligence and liability in the operation of the Tarto vehicle, and the award of judgment against the Tartos in favor of plaintiffs’ underinsured motorist carrier, Sentry Insurance Company.
As to the liability for the collision, the record displays conflicting testimony as to how the accident happened, the two drivers, Mrs. Pons and Mrs. Tarto, each giving her version of the occurrence. This posed a question of credibility to be solved by the jury, and it was obviously solved in favor of Mrs. Pons. Her version of the collision was supported by the testimony of three other witnesses, a neighbor who came upon the scene immediately following the collision, the investigating police officer, and an expert in accident reconstruction. Additionally we point out that the testimony of Mrs. Pons was rather forthright, while that of Mrs. Tarto was confusing. Based upon the evidence we find that the collision occurred as a result of Mrs. Tarto pulling her automobile away from the curb alongside of her house into the path of the oncoming Pons vehicle without observing a proper lookout and without keeping her car under control. The evidence preponderates in favor of plaintiff.
The second error assigned is the casting of Mr. and Mrs. Tarto in judgment on the third party demand of the underinsured motorist carrier, Sentry Insurance Company.
The judgment appealed from came about as follows: The jury brought in a general verdict in the amount of $41,000 in favor of plaintiffs against all four defendants. In response to that verdict, the judge rendered a judgment in favor of plaintiffs against all four defendants for $41,000, and further decreed judgment in favor of Sentry Insurance Company for $16,000. It should be noted that the limits of State Farm Mutual’s policy was $25,000. Upon this being called to the judge’s attention, he amended his judgment and rendered judgment in favor of plaintiffs against State Farm Mutual and Mr. and Mrs. Tarto for $25,000 and *49 judgment in favor of plaintiffs against Sentry, their underinsured motorist carrier, in the sum of $16,000. He further decreed that there be judgment in favor of Sentry and against Mr. and Mrs. Tarto for $16,000. Although that judgment did not specifically cast the Tartos in judgment in favor of plaintiffs for the $16,000 amount above their insurance policy, the effect was achieved by casting Sentry for $16,000 in favor of plaintiffs, and then casting the Tartos for that amount in favor of Sentry.
The Tartos contend that the trial judge erred in awarding judgment in favor of Sentry Insurance Company on its subrogat-ed claims against them as underinsured motorists. They rely on the principles announced in the case of Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La. 1979). It is their contention that the effect of this case is to eliminate any subrogation rights by an underinsured motorist carrier against the underinsured motorist.
We point out that the issue in the Niemann case is quite different from the issue posed here. As pointed out in Niemann at page 1004:
“The issue presented in this litigation is whether a ‘consent to settle clause’ in an uninsured motorist policy is valid and operative, and whether a plaintiff who without his UM carrier’s consent settles and releases an Under insured tortfeasor and that tortfeasor’s liability insurance carrier has defeated his cause of action against the UM carrier.”
In the matter before us, there is no voluntary settlement concerned. This case was tried and went to judgment. After judgment was rendered, the liability insurer paid its policy limits, and the underinsured carrier, Sentry, paid the balance of the judgment awarded against it. Although the judgment did not provide a decree in favor of plaintiffs against the Tartos for $16,000 in accordance with the verdict rendered, nevertheless the effect of the judgment is to bring it substantially within the provisions of R.S. 22:1406(D)(4) in that the insurer is entitled to the proceeds of any judgment resulting from the exercise of any rights of recovery of its insured against the legally responsible tortfeasor. This interpretation is further supported by the legal subrogation granted in Louisiana Civil Code Article 2161: “Subrogation takes place of right; * * * (3) For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it.”
Accordingly, we conclude that, under the circumstances of this case, the under-insured motorist carrier, Sentry Insurance Company, is entitled to judgment against the negligent tortfeasor for the amount of the judgment it was required to pay its insured, and accordingly, we affirm the judgment.

AFFIRMED.